UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT E. HICKS, #96457 | ) ) ) | |
| Plaintiff, | ) ) | 2:11-cv-00104-PMP-LRL |
| vs. | ) ) | **SCREENING ORDER** |
| DAVID ROGER, *et al.*, | ) ) | |
| Defendants. | ) / | |

This is styled as a prisoner civil rights action. Defendants filed a petition for removal on January 20, 2011 (docket #1). Plaintiff filed an amended complaint on February 23, 2011 and has also inundated the court with at least twelve motions as well as myriad other filings. As discussed below, the court must dismiss the amended complaint with prejudice as factually frivolous. The court now reviews the amended complaint (docket # 21).

**I. Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from

a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. Further, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than

formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual

allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II. Instant Complaint**

Plaintiff, who is incarcerated at Lovelock Correctional Center ("LCC"), has sued a Clark County district attorney, the state attorney general, former Nevada governor Jim Gibbons, Nevada Department of Corrections Director Howard Skolnik and LCC Warden Jack Palmer. Plaintiff's amended complaint is indecipherable. He mentions that he has been denied equal protection and "violation of civil rights," without elaboration. But otherwise plaintiff appears to discuss a proof of claims and C.A.F.V., (presumably conditional acceptance for value). He states at one point that "defendant fail/refuse to provide the requested and necessary proof of claims . . . ." Under "Request for Relief" on the civil rights complaint form plaintiff lists again equal protection and due process, then lists a grievance and some case law, without elaboration. Plaintiff signed the complaint as "secured party creditor authorized representative attorney-in-fact on behalf of debtor."

Accordingly, the court finds that plaintiff's allegations are fantastic, delusional and irrational. This complaint must be dismissed with prejudice as frivolous, as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. Plaintiff's many motions must be denied as moot.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's amended complaint (docket # 21) is **DISMISSED with prejudice** as delusional and factually frivolous.

4

1  **IT IS FURTHER ORDERED** that the following motions filed by plaintiff:

2  application to proceed *in forma pauperis* (docket #6);

3  motion to request from the court not to removal of any co-defendants from this case (docket #7);

5  motion to stop removal of action (docket #8);

6  motion to extend prison copywork limit (docket #9);

7  motion for transportation of inmate for court appearance (docket #13);

8  motion to extend prison copywork limit (docket #14);

9  motion for transportation of inmate for court appearance (docket #15);

10  application to proceed *in forma pauperis* (docket #22);

11  motion to extend prison copywork limit (docket #24);

12  motion to remand to state court (docket #29);

13  motion for verification of status of filed motions (docket #30); and

14  motion to dismiss defendant Scott Kipper (docket #31) are all **DENIED**.

15  **IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

18  DATED this 8th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE

5